UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

AAREN HERNANDEZ,

                             Plaintiff,

       -against-

THE CITY OF NEW YORK, POLICE OFFICER DANIEL
CASELLA, SHIELD NO. 27811, SERGEANT DUSTIN
EDWARDS, JOHN DOE POLICE OFFICER #1

                             Defendant.

-------------------------------------------------------------------

SUMMONS ISSUED

**COMPLAINT AND JURY DEMAND**

Docket No.

CV.13 860

ECF CASE

ROSS, J.

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §1983 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claim arises from an January 26, 2012 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiffs to, among other things, false arrest, false imprisonment, and malicious prosecution.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth and Fourteenth Amendments to the United States Constitution. Pendent party jurisdiction and

supplementary jurisdiction over plaintiffs' state law claims are asserted

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

7. Plaintiff is a citizen of the United States and at all times here relevant resided in New York County, City and State of New York.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. All others individual defendants ("the officers") are employees of the NYPD, and are sued in their individual and official capacities.

10. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

11. At around 12:30 A.M. plaintiff was walking a friend to his friend's car near the corner of Bainbridge Street and Ralph Avenue, Brooklyn, NY, when two men jump out of a car and approach plaintiff. The two men were apparently plain clothes police officers in an unmarked car.

12. Without reasonable suspicion or probable cause, Officer Casella and John Doe #1 stop plaintiff and ask him if he has anything on him. He responded that he has a knife on him

that he uses for work, but also keeps with him for protection.

13. Plaintiff complied with the officers' demand that he produce the knife. It is a utility knife with a 2.8 inch blade that is sheathed in the handle. The officers attempted to flip it open, but it would not open in that manner. They eventually used two hands to expose the blade.

14. Plaintiff was arrested for being in possession of a gravity knife. A gravity knife is a knife that can be opened through the use of gravity or centrifugal force. The knife was not a gravity knife in that the user could not open it except to use two hands to pull the blade out of the handle. The knife was not otherwise illegal.

15. Nevertheless plaintiff was taken to the precinct, processed, and put through the system. Approximately 22 hours later he appeared before a judge in Kings County Criminal Court and was released on his own recognizance.

16. Despite the obvious illegality of the arrest, Sergeant Dustin Edwards approved of it, signing off on the arrest paperwork.

17. After being required to appear at a number of court appearances, the judge asked that the officer produce the knife. When the judge could not open the knife except by using two hands and pulling the blade out of the handle, all charges were dismissed.

18. At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

19. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

20. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a. Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person;

    b. Violation of his right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

    c. Violation of his New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

    d. Violation of his New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

    e. Pain and suffering;

    f. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

    g. Loss of liberty;

## FIRST CAUSE OF ACTION
### (ASSAULT)

21. The above paragraphs are here incorporated by reference.

22. By handcuffing plaintiff, defendants made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

23. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under common

law, 42 USC §1983 and New York State laws and Constitution.

24. Plaintiff was damaged by defendants' assault.

## SECOND CAUSE OF ACTION
(BATTERY)

25. The above paragraphs are here incorporated by reference.

26. Defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered him when they handcuffed him.

27. Defendants used excessive and unnecessary force with plaintiff.

28. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under common law, 42 USC §1983 and the New York State Constitution.

29. Plaintiff was damaged by defendant's battery.

## THIRD CAUSE OF ACTION
(FALSE ARREST)

30. The preceding paragraphs are here incorporated by reference.

31. Defendants subjected plaintiff to false arrest, false imprisonment, false detention, and deprivation of liberty without probable cause.

32. Plaintiff was aware of his confinement, and did not consent to it.

33. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC §§1983, New York State common law, and the New York State Constitution.

34. As a result of the false arrest, imprisonment, detention and deprivation of liberty, plaintiff was damaged.

## FOURTH CAUSE OF ACTION
(MALICIOUS PROSECUTION)

35. The above paragraphs are here incorporated by reference.

36. Defendants, acting with malice, initiated a prosecution against plaintiff and caused him to be prosecuted.

37. The criminal proceedings were terminated favorably to defendant.

38. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC §1983, New York State common law, and the New York State Constitution.

39. As a result of the malicious prosecution implemented by defendants, plaintiff was damaged.

## FIFTH CAUSE OF ACTION
(RESPONDEAT SUPERIOR)

40. The preceding paragraphs are here incorporated by reference.

41. Defendants' intentional tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

42. As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, plaintiff was damaged.

## SIXTH CAUSE OF ACTION
(CONSTITUTIONAL TORT)

43. All preceding paragraphs are here incorporated by reference.

44. Defendants, acting under color of law, violated plaintiff's rights pursuant to §§ 5, 6 and 12 of the New York State Constitution.

45. A damages remedy here is necessary to effectuate the purposes of §§ 5, 6 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

46. As a result of defendants' tortuous conduct, plaintiff was damaged.

## SEVENTH CAUSE OF ACTION
(42 USC § 1983)

47. Paragraphs one through nineteen are here incorporated by reference.

48. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC § 1983.

49. Defendants' conduct deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. Defendants' conduct also deprived plaintiff of his right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

50. Plaintiff has been damaged as a result of defendants' wrongful acts.

## EIGHTH CAUSE OF ACTION
(MUNICIPAL AND SUPERVISORY LIABILITY)

51. The above paragraphs are here incorporated by reference.

52. The City is liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants.

53. The City knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

54. The aforesaid event was not an isolated incident. The City has been aware for

some time (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of their police officers are insufficiently trained on how to avoid the use of excessive force during an arrest. The City is further aware, from the same sources, that NYPD officers routinely assault citizens without fear of reprisal. The City fails to discipline officers for not reporting fellow officers' misconduct that they have observed, and they fail to discipline officers for making false statements to disciplinary agencies. Further, there is no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper force is practiced and incredible testimony goes uncorrected. Additionally, the City has isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiff's civil rights, without fear of reprisal.

55. The City knew or should have known that the officers who caused plaintiff injury had a propensity for the type of conduct that took place in this case. Nevertheless, the City failed to take corrective action.

56. The City has failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

57. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City to the constitutional rights of persons within New York

City, and were the cause of the violations of plaintiff's rights here alleged.

58. Defendant City has damaged plaintiff by its failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving police misconduct.

59. Plaintiff has been damaged as a result of the wrongful, grossly negligent and illegal acts of the City.

A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B. Awarding plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:   Brooklyn, New York
         February 12, 2013

TO: New York City
Corporation Counsel Office
100 Church Street, 4th floor
New York, NY 10007

Police Officer Casella
Sergeant Dustin Edwards
PSA 3

Yours, etc.,

Leo Glickman
Attorney for Plaintiff
475 Atlantic Ave. 3rd Floor
Brooklyn, NY 11217
(718) 852-3710
lglickman@stollglickman.com